Regis O’Brien, J.
Petitioners request a review of the determination of the Zoning Board of Appeals of the Town of Orchard Park granting a permit to one Lena Oertelt to build a house not conforming to the requirements of the zoning ordinance. Cross motion by respondents to dismiss the petition as insufficient in law.
The petitioners allege, among other things, that “on or about ” the 16th day of April, 1958 [sic] the Town Board of the Town of Orchard Park adopted the zoning ordinance in question; that on May 10, 1958 [sic] Messrs. Holmes, Kroll, Rose, Stellrecht and Hendee were duly appointed to the Zoning Board of Appeals, and that on May 8, 1958 [sic] one Lena *849 Oertelt made application for a building permit not exactly in accord with the specified requirements of the zoning ordinance relating to the construction of dwellings.
The petition recites the application came before the board for a hearing ‘ ‘ on or about the 8th day of May ”, but that action was deferred “ due to a lack of a quorum of the Board.”
While the petition does not state the number that attended the meeting, it alleges “ that subsequently, and without due notice to any of the parties in interest, the matter came before the Board a second time (date not given) and the application * . * * was granted.”
Upon the argument of the motion, it appeared that the year 1958 as set forth in the petition for the happening of the various events alleged was an error, and that in fact the sequence of events was as follows: On March 25, 1957, one Lena Oertelt filed application for a permit but because of the size of the lot being 43 feet wide instead of GO feet, as required by the zoning ordinance, it was denied; then the required notices of the date set for the hearing of the application to the board for a variance were duly posted, published and served and the hearing was held on ‘ ‘ May 8, 1957 ’ ’; that no quorum being present the matter was adjourned to “ July 25, 1957.”
Certified copies of the minutes of the. meetings of May 8 and July 25,1957, respectively, were furnished to the court.
The minutes of the July meeting do not state specifically the number of members that were present or absent when the meeting was convened, but they do reveal that after the matter was discussed at length and various reasons given to support their action, a motion was made to vary the terms of the ordinance and grant the permit. The minutes were kept by the chairman, Mr. Holmes. They recite, in part, as follows: “ Voting in favor of the approval was Mr. Hendee, Mr. Bose and Mr. Holmes. Absent Mr. Stellrecht.”
Petitioners claim the permit was and is invalid because a quorum was not present at the meeting. They base their claim on the provisions of the zoning ordinance, effective January 2, 1941, which provides in subdivision 8 of section XXV: “ Quorum. Four members of the Board shall constitute a quorum * * * and the concurring vote of a majority of the members of the Board shall be necessary to * * * decide in favor of an applicant in any matter upon which it is required to pass under this ordinance.”
It is not disputed that the required number voted in favor of the permit. This leaves for analysis and disposition the question as to a “ quorum ” being present.
*850 In addition to the laek of convincing proof that four members of the board were not present when the meeting convened, it appears that at the time the board acted on this matter, only three members were required to constitute a quorum under the law (General Construction Law, § 41).
When the Town Board of Orchard Park enacted its first zoning ordinance (Oct. 2, 1940, eff. Jan. 2, 1941) pursuant to the powers given to it by section 267 of the Town Law, the question of what constituted a quorum was not clearly defined or understood.
Section 41 of the General Construction Law then provided: xx Quorum and majority. Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of all such persons or officers at a meeting duly held at a time fixed by law, or by any by-law duly adopted by such board or body, or at any duly adjourned meeting of such meeting, or at any meeting duly held upon reasonable notice to all of them, may perform and exercise such power, authority or duty, and if one or more of such persons or officers shall have died or have become mentally incapable of acting, or shall refuse or neglect to attend any such meeting, a majority of the whole number of such persons or officers shall be a quorum of such board or body, and a majority of a quorum, if not less than a majority of the whole number of such persons or officers may perform and exercise any such power, authority or duty.”
-Confusion resulting from the foregoing as to what constituted a “ quorum ” and a “ majority ” led the Law Revision -Commission (1948 Report of N. Y. Law Rev. Comm., p. 337) to suggest clearer definitions of the terms. Accordingly, the Legislature, in 1948, enacted chapter 320, effective March 21, 1948. This is the current statuté and provides: ‘ ‘ Quorum and majority. Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers, at a meeting duly held at a time fixed by law, or by any by-law duly adopted by such board or body, or at any duly adjourned meeting of such meeting, or at any meeting duly held upon reasonable notice to all of them, shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words ‘ whole number ’ shall be construed to mean the total number which *851 the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting.”
Thus it was clearly stated that three constituted a “ quorum ” of a board consisting of five members. In view of this clear statement that only three members were required to constitute a quorum, and in view of the conceded fact that the number required, both by the General Construction Law and the zoning ordinance, voted in favor of the permit, the application of petitioners must be denied and the cross motion of the respondents granted.
Submit order accordingly.